UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARDO RAMOS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING and SONJA THURMAN,<br><br>　　　　Defendants. | No. 2:17-cv-01610-TLN-AC<br><br>FINDINGS AND RECOMMENDATIONS |

This matter is before the court on defendants' motion to dismiss. ECF No. 11. Plaintiff is proceeding in this matter pro se, and this action was accordingly referred to the undersigned for pretrial matters pursuant to Local Rule 302(c)(21). Plaintiff opposed defendants' motion (ECF No. 13) and defendants replied (ECF No. 16). The motion was taken under submission on the papers. ECF No. 15. For the reasons stated below, the undersigned recommends defendants' motion be GRANTED and that this case be DISMISSED with prejudice.

## I. Relevant Background

This action was filed on August 3, 2017. ECF No. 1. Plaintiffs' complaint alleges that on or about April 2017 he attempted to file a discrimination complaint "pre-inquiry" at the website of defendant California Department of Fair Employment and Housing ("CDFEH"), but he was unable to do so because he could not give a telephone number. ECF No. 1 at 5. Plaintiff does not

own a telephone. Id. He attempted again with the "FCC reserved number for info" but alleges the CDFEH refused to process his pre-inquiry without warning or setting up a call back appointment. Id. Although plaintiff tried to resolve the issue by giving the CDFEH a borrowed phone number and his mother's address, he alleges he still did not receive a response or receive a copy of his filling. Id. Plaintiff seeks equitable relief. Id. at 6. Plaintiff invokes federal question jurisdiction under 42 U.S.C. § 1983. Id. at 4-5 (identifying federal statutory basis for case as "Ku Klux Klan Act 1871" for "deprivation of right to non-discrimination under color of state authority").[1]

## I. Motion

Defendants move to dismiss for lack of jurisdiction and failure to state a claim. Defendants argue that the case lacks subject matter jurisdiction because plaintiff is suing a state agency and its employee, and defendants have Eleventh Amendment immunity. ECF No. 11-1 at 2. Defendants further argue that plaintiff fails to state a claim under which relief can be granted because the CDFEH is not a "person" within the meaning of 42 U.S.C. § 1983. Id. Defendants further argue that, even if jurisdiction existed, that plaintiff does not plead sufficient facts to establish either a Fourteenth Amendment due process violation or a violation under the American with Disabilities Act ("ADA"). Id. Lastly, defendant argues that plaintiff fails to allege specific claims against each defendant. Id.

## II. Analysis

A. Legal Standard

1. Federal Rule of Civil procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.,

---

[1] See Monroe v. Pape, 365 U.S. 167, 171 (1961) (discussing legislative history of § 1983 as part of the Ku Klux Klan Act of 1871, intended to enforce the Fourteenth Amendment).

594 F.2d 730, 733 (9th Cir. 1979).

When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made. See Sea Vessel Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990). The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003); Miranda v. Reno, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001). Nonetheless, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" when resolving a facial attack. Safe Air for Everyone, 373 F.3d at 1039.

When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction, no presumption of truthfulness attaches to the plaintiff's allegations. Thornhill Publ'g Co., 594 F.2d at 733. "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden of establishing that such jurisdiction does in fact exist. Thornhill Publ'g Co., 594 F.2d at 733.

2. Federal Rule of Civil Procedure 12(b)(6)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235 35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff, and resolve all doubts in the plaintiffs' favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 131 S. Ct. 3055 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

    B. <u>This Court Has Jurisdiction Over Plaintiff's Claim Against Defendant Thurman But Not Over State Agency CDFEH</u>

Defendants challenge the existence of subject matter jurisdiction on the grounds that Eleventh Amendment immunity protects defendants from suit under 42 U.S.C. § 1983. The

Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Cons., amend. XI. This provision has been interpreted as a grant of sovereign immunity to the states against suit in federal court. Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996). The Eleventh Amendment bars suits against state agencies, as well as those where the state itself is named as a defendant. P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993). Suits brought under § 1983 can only be brought against "persons." 42 U.S.C. § 1983. Such suits cannot be brought against a governmental agency, because it is an arm of the state and not a "person" for purposes of § 1983. Howlett v. Rose, 496 U.S. 356, 365 (1990). For this reason, plaintiff's claims against the state agency defendant CDFEH are barred by the Eleventh Amendment and this court does not have jurisdiction to hear those claims. Because CDFEH is immune from suit, leave to amend would be futile and dismissal should be with prejudice.

The same analysis does not apply to plaintiff's § 1983 claim against Sonja Thurman. State officials sued in their official capacity for injunctive relief are persons for purposes of § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 n. 10 (1989). Stated differently, the doctrine of Ex Parte Young, 209 U.S. 123 (1908) does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacity. Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 269 (1997). Defendants concede that state official Sonja Thurman is being sued in her official capacity. ECF No. 11-1 at 5 ("Additionally, although not explicitly stated, Thurman is clearly being sued in her official capacity as a state employee performing state duties."). Plaintiff seeks only "equitable" relief. ECF No. 1 at 6. Thus, the suit against defendant Thurman is not barred by the Eleventh Amendment and this court has jurisdiction over the case against her.

### C. Plaintiff Does Not State a Claim Upon Which Relief Can Be Granted

Though jurisdiction exists, plaintiff's complaint against Thurman must be dismissed

because it fails to state a claim upon which relief can be granted. Defendants argue that that to the extent plaintiff intends to allege a violation of his due process rights,[2] he has not sufficiently alleged a deprivation of liberty or property interested protected by the U.S. Constitution. The Due Process Clause of the Fourteenth Amendment provides that no state may "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV. To prove liability, plaintiff must establish "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process." Clark v. California Dep't of Forestry & Fire Prot., 212 F. Supp. 3d 808, 812-13 (N.D. Cal. 2016) (quoting Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993)). The court agrees that, upon careful review of plaintiff's complaint, he has not alleged a protected interest and therefore, to the extent his claims rest on a due process violation, they cannot stand.

This court has previously determined that plaintiff may be attempting to assert a violation of the Americans with Disabilities Act. ECF No. 3 at 2. Defendants argue that plaintiff's complaint does not adequately allege an ADA claim. To state a claim of disability discrimination under Title II of the ADA, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002) (citation omitted). Plaintiff's pleading does not meet these requirements; he fails to allege a disability, or that he was qualified to receive services or programs from CDFEH and was excluded from such services or programs because of his disability. Additionally, a State official such as Thurman cannot be sued in her individual capacity under § 1983 for a violation of the ADA. Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002). Plaintiff does not adequately allege a claim under the ADA or any other federal or

---

[2] This is a sensible interpretation, as plaintiff complains about the adequacy of the state's process for handling "pre-inquiry" discrimination complaints. ECF No 1 at 5.

state law; his complaint must therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

The complaint is extremely sparse in its factual allegations. The court cannot, at this stage, exclude the possibility that plaintiff may be able to allege facts supporting a § 1983 claim against defendant Thurman. In light of the liberality with which pro se plaintiffs must be permitted leave to amend, the undersigned finds that such leave is appropriate.

### III. Conclusion

Based on the foregoing, the undersigned recommends as follows:

1. That defendants' motion to dismiss (ECF No. 11) be GRANTED;
2. That plaintiff's § 1983 claims against CDFEH be dismissed with prejudice; and
3. That plaintiff's claims against Sonja Thurman be dismissed with leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: January 18, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

7